IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| KAREN CAMILLE DANIEL,<br><br>Plaintiff,<br><br>vs.<br><br>SAM LAW, Attorney General for the State of Montana; Al Kinsey, U.S. Marshal's Service; and Larry Reid, Warden at LaVista Correctional Facility,<br><br>Defendants. | Cause No.  CV 09-00069-H-DWM-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Karen Camille

Daniel's Motion to Proceed in Forma Pauperis (Court's Doc. 1), a

proposed Complaint alleging a detainer was lodged against her by the

U.S. Marshal's Service and the U.S. Attorney General's Office on a

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT  CV 09-00069-H-DWM-RKS / PAGE 1

dismissed indictment (Court's Doc. 2), and a Motion for Ancillary Jurisdiction. (Court's Doc. 3).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee for this action of $350.00.  Because Plaintiff's inmate account currently lacks sufficient funds to satisfy the initial partial filing fee, this requirement is waived.  But Plaintiff must make monthly payments of 20% of the income credited to her account each month.  The percentage is set by statute and cannot be altered.  See 28 U.S.C. § 1915(b)(2).  By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint is deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II. STATEMENT OF THE CASE

### A. Parties

Plaintiff is a prisoner incarcerated at the LaVista Correctional Facility in Pueblo, Colorado.

Plaintiff names the following as Defendants: Sam Law, Attorney General for the State of Montana; Al Kinsey with the U.S. Marshal's Service, and Larry Reid, Warden of the LaVista Correctional Facility.[1]

### B. Factual Background

Plaintiff was indicted by this Court on July 17, 2008 and an arrest warrant was issued. On May 12, 2009, the Government filed a Motion

---

[1]Although not relevant to the analysis herein, it should be noted that Sam Law is not the Attorney General for the State of Montana, as alleged in the parties section of the Complaint.

to Dismiss the indictment on the grounds that Plaintiff would be serving sentences in Colorado and Montana that substantially satisfied the federal interests in the case.  (See Criminal Action No. 08-CR-00016-CCL, Court's Doc. 2, p. 2).  The indictment was dismissed May 14, 2009.

On June 9, 2009, Plaintiff filed a Motion for Dismissal of Charges. This document was construed as a habeas petition and on September 22, 2009, the Court issued an Order quashing the detainer.  (See Civil Action No. 09-CV-00041-H-DWM-RKS).

C.  Allegations

Plaintiff alleges in her Complaint that Al Kinsey lodged a detainer with the Colorado Department of Corrections based upon the dismissed indictment and the U.S. Marshal's Service, the U.S. Attorney General's Office, and Warden Reid did not release the detainer when the indictment was dismissed.

Plaintiff contends as a result she has been denied access to certain programs including access to community corrections, a position with C.I. crews (which pay higher), and access to gate pass.  She

contends she has lost financial benefits and monies which had to go to postage, copies, etc.  She states she has suffered higher blood pressure, chest pains, and blurred vision.

## III.  PRESCREENING

### A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, her Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of their "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the

pleading could not possibly be cured by the allegation of other facts."

Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

    B.  Analysis

    Plaintiff characterized her claims as a personal injury/torts. Because Plaintiff is proceeding pro se, the Court construes her Complaint to arise under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the "federal analog to suits brought under . . . 42 U.S.C. § 1983." Iqbal, 129 S.Ct. at 1948 (citing Hartman v. Moore, 547 U.S. 250, 254 n. 2, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)).  Bivens "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the

absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

To state a private cause of action under Bivens, Plaintiff must allege: (1) the violation of a right secured by the Constitution of the United States, and (2) that the alleged deprivation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and Bivens actions are identical save for the replacement of a state actor under § 1983 by a federal actor).

Plaintiff claims she is injured because of her inability to access certain programs and positions within the jail. Prisoners do not have a constitutional right to a prison job or certain educational or vocational training. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985) (no constitutional right to jobs and educational opportunities). Prisoners have "no constitutional or inherent right" to parole or a parole hearing. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The mere presence of a parole system and the possibility of parole simply do not create a liberty interest in parole release. Board of Pardons v.

Allen, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987);

Greenholtz, 442 U.S. at 11, 99 S.Ct. 2100, 60 L.Ed.2d 668.  Because the

Colorado Parole Board is given the "sole power to grant or refuse

parole" § 17-2-201(5)(a), 8A C.R.S. "the Colorado statutory scheme does

not create a constitutionally protected entitlement to, or liberty interest

in, parole."  Thompson v. Riveland, 714 P.2d 1338, 1340

(Colo.App.1986).

## IV.  MOTION FOR ANCILLARY JURISDICTION

Plaintiff has also filed a Motion for Ancillary Jurisdiction in which

she asks this Court to take ancillary jurisdiction over all her criminal

charges in Montana and Colorado in order to vacate the sentences

imposed in those jurisdictions.  Plaintiff's motion should be denied for

two reasons.  First, the Court is recommending this action be

dismissed. Second, Plaintiff cannot challenge her conviction or

imprisonment in a civil action under Section 1983 or Bivens.  See Heck

v. Humphrey, 512 U.S. 477, 486-87 (1994).

V. CONCLUSION

As Plaintiff has failed to allege a violation of a federal right she has not stated a federal claim upon which relief may be granted.  The defects set forth above could not be cured by the allegation of other facts.   As such, this matter should be dismissed.

A.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be granted.

B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

C. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

ORDER

1. Plaintiff's Motion to Proceed in Forma Pauperis (Court's Doc. 1) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT  CV 09-00069-H-DWM-RKS / PAGE 14

2.  The Clerk shall edit the text of the docket entry for the Complaint (Court's Doc. 2) to remove the word "LODGED" and the Complaint is DEEMED FILED on November 23, 2009.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim upon which relief may be granted.

2.  Plaintiff's Motion for Ancillary Jurisdiction (Court's Doc. 3) should be DENIED.

3.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to [Rule 58 of the Federal Rules of Civil Procedure](#).

4.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](#) because Plaintiff failed to state a claim upon which relief may be granted.

5.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of December, 2009.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge