

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| KAREN CAMILLE DANIEL, | ) | CV 09-69-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SAM LAW, Attorney General for the | ) | |
| State of Montana; Al Kinsey, U.S. | ) | |
| Marshal's Service; and Larry Reid, | ) | |
| Warden at LaVista Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on December 2, 2009. Judge Strong recommended dismissing Plaintiff's Complaint for failure to state a claim and denying her motion for ancillary jurisdiction, and counting the dismissal as a "strike" pursuant to 28 U.S.C. § 1915(g). On December 11, 2009, Plaintiff filed

an Amended Information[1] to her complaint.  The Amended Information identifies the constitutional rights Defendants allegedly violated, something Judge Strong found her Complaint failed to do.  As such, the Court views Plaintiff's Amended Information as an objection.  Plaintiff therefore is entitled to <u>de novo</u> review of those portions of the Findings and Recommendation to which she objected.  28 U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error.  <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

In her original complaint, Plaintiff alleged that a detainer was lodged with the Colorado Department of Corrections based upon a dismissed indictment, and that the detainer was not released when the indictment was dismissed.  As a result, Plaintiff contends she was denied access to certain prison programs.  Judge Strong found Plaintiff failed to state a <u>Bivens</u> claim because she failed to allege a violation of a federal right upon which relief may be granted.  <u>See</u> <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991) (identifying a <u>Bivens</u> action as identical to § 1983 except for the replacement of a state actor with a federal actor).  Plaintiff also filed a motion asking the Court to take ancillary jurisdiction over all

---

[1] Plaintiff filed an Amended Information to Tort Complaint and an Amended Information to Motion for Ancillary Jurisdiction, both on December 11, 2009.  For the sake of clarity and simplicity, the Court refers to them collectively as the "Amended Information."

her criminal charges in Montana and Colorado in order to vacate the sentences imposed in those jurisdictions. Judge Strong recommended denying the motion because a conviction of imprisonment cannot be challenged through a Bivens action. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Plaintiff objects–via her Amended Information–to Judge Strong's finding that her complaint failed to allege a violation of a right secured by the Constitution of the United States. In her Amended Information, she states the Defendants violated her constitutional rights to be free from illegal searches and seizures, her right to due process and her right to equal protection. While these are most certainly constitutional rights, simply adding "[t]hreadbare recitals" of these rights is not enough to state a claim. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Judge Strong evaluated her complaint and found no such constitutional violations alleged. This Court agrees.

Plaintiff also amends her motion for ancillary jurisdiction to object that this Court must have jurisdiction to hear a challenge to her past convictions.[2] Because the Court agrees with Judge Strong's recommendation to dismiss Plaintiff's complaint, the Court need not address the motion.

---

[2]To the contrary, Heck v. Humphrey, 512 U.S. 477 (1994), makes clear that this Court–or any court for that matter–cannot hear a challenge to a conviction of imprisonment in a civil action under Section 1983 or Bivens.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #5) are adopted in full. Plaintiff's Complaint and Amended Complaint are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Ancillary Jurisdiction (dkt #3) is DENIED as moot.

The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated this 6 day of January, 2010.

_____
Donald W. Molloy, District Judge
United States District Court